```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                   AT ROANOKE, VA
                                                                        FILED
            IN THE UNITED STATES DISTRICT COURT                     JUL 1 1 2007
           FOR THE WESTERN DISTRICT OF VIRGINIA
                    ROANOKE DIVISION                          JOHN F. CORCORAN, CLERK
                                                             BY:
                                                                    DEPUTY CLERK
```

DAVID FRANK SPRINKLE, )
      Plaintiff, )     Civil Action No. 7:07cv00335
)
)     **MEMORANDUM OPINION**
)
FRED SCHILLING, et al., )     By: Hon. Glen E. Conrad
      Defendants. )     United States District Judge

Plaintiff David Sprinkle, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that defendants at the Dillwyn Correctional Center ("Dillwyn") violated his constitutional rights by refusing to raise his prescription of Lortab[1] from "7/500 mg" four times per day to the allegedly former prescribed level of "10/500 mg" four times per day. Plaintiff seeks unspecified monetary damages and injunctive relief. The court finds that plaintiff's complaint fails to state a claim upon which the court may grant relief. Therefore, the court will dismiss the suit pursuant to 28 U.S.C. §1915A(b)(1).[2] Additionally, the court will deny plaintiff's request for injunctive relief.

## I. FACTS[3]

Plaintiff alleges that defendants refuse to increase his prescription for Lortab, a medication he takes as treatment for pain caused by kidney disease and ankle fusion, to a slightly higher dosage level he alleges he received in previous years. He has submitted documentation of his exhaustion

---

[1] Lortab is one of the trademark names under which hydrocodone is marketed. Hydrocodone is a semi-synthetic opioid derived from two of the naturally occurring opiates, codeine and thebaine. Hydrocodone is an orally active narcotic analgesic and antitussive, is habit-forming, and can lead to physical and psychological addiction. See DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 960 (28th ed. 1994); http://en.wikipedia.org/wiki/Lortab.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] The facts have been adduced from plaintiff's pleadings and attachments thereto.

of the inmate grievance procedure to Level II, the highest level of appeal. His submissions include Level II Inmate Grievance Response Forms issued in two separate grievances. Both of the Level II responses were signed on April 1, 2007, by the Health Services director for the Commonwealth of Virginia, Department of Corrections. The Level II Inmate Grievance Response bearing Log Number 270-05791 states, in pertinent part:

> Your grievance appeal has been reviewed along with the response from Level I, and your original complaint that your condition is chronic and deteriorating. You state you cannot trust the doctor because of his actions and comments. You state you feel the facility poses a risk to your health. You want adequate medical attention.
>
> Based on the information provided and upon further investigation, I concur with the Level I respondent and determine your grievance is **UNFOUNDED**. According to the information available, you have been seen on several occasions by the nursing staff. When the doctor attempted to evaluate you on 2/8/07, you left before the exam was completed. Your pain medication has been ordered according to your individual medical needs. There is nothing to indicate you have been denied proper medical care. There is no violation of the standard of practice regarding this issue. Please address any further concerns to the medical department. . . .

The Level II Inmate Grievance Response bearing Log Number 270-05793 states, in pertinent part:

> Your grievance appeal has been reviewed along with the response from Level I, and your original complaint that you are not receiving adequate pain medication for your ankle fusion and kidney disease pain. You state you arrived at the institution with pain medication without a stop date and it should not have been changed. You feel the care you are receiving is a violation of your constitutional rights, as you should be free of pain but are suffering every day.
>
> Based on the information provided and upon further investigation, I concur with the Level I respondent and determine your grievance **UNFOUNDED**. According to the information available, you have been examined and your pain medication has been ordered according to your individual medical needs. There is nothing to indicate you have been denied proper medical care. Pain medication is not prescribed without a stop date. Your medical care is being determined by the institutional physician. There is no violation of the standard of practice regarding this issue. Please address any further concerns to the medical department. . . .

## II. ANALYSIS

A petition may be dismissed under 28 U.S.C. §1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement; "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. In fact, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an

3

objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. To bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff has not made any showing that a constitutional right has been violated. Although he may believe that the institutional staff and medical staff were deliberately indifferent to his medical needs or failed to treat such medical needs by prescribing him a slightly lower dosage of Lortab than he would prefer, such actions do not rise to the level of a federal constitutional violation. Nor has plaintiff alleged an objectively serious medical need, given that his own submissions indicate that he is being treated for pain. Inasmuch as plaintiff's own complaint and attachments demonstrate that his claim amounts to a mere disagreement between an inmate and medical personnel over his diagnosis, his claim would arise, if at all, under state medical malpractice laws, and does not present a colorable claim under § 1983. See Estelle, 429 U.S. at 105-106.

Accordingly, the court finds that plaintiff has failed to state a claim under the Eighth Amendment because he has not shown that institutional or medical staff were deliberately indifferent to any serious medical need or any other substantial risk of serious harm. Farmer, 511 U.S at 833. Nor has he alleged facts sufficient to show a serious or significant mental or physical injury or an unreasonable risk of serious damage to his future health as a result of not having an increase in the dosage of Lortab prescribed to him. Strickler, 989 F.2d at 1380-1381

### III. INJUNCTIVE RELIEF

With his complaint, plaintiff has submitted a motion for a preliminary injunction. He seeks an order directing Dillwyn medical officials to "immediately raise his prescribed medication of Lortab 7/500 mg [at four times per] day to his previous level of Lortab 10/500 mg [at four times per] day."

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that

plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.[4] Plaintiff's allegations do not satisfy the "balance of hardships" test. Additionally, although plaintiff alleges that he will suffer "irreparable" harm "as a result of [defendants'] deliberate indifference to his medical needs," the preceding analysis concludes that defendants' decision not to raise the dosage level of plaintiff's prescription for Lortab does not establish deliberate indifference to a serious medical need. Thus, plaintiff's request for injunctive relief will be denied.[5]

## IV. CONCLUSION

Based on the foregoing, the court finds that plaintiff has not presented any claims on which relief can be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. §1915A(b)(1) and will deny plaintiff's request for injunctive relief.

---

[4] And, as the court has already observed, determinations of questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319.

[5] Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 10th day of July, 2007.

*[signature]*
United States District Judge